United States District Court
Southern District of Texas
**ENTERED**
September 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JONI AYALA-RODRIGUEZ, § | |
| Petitioner, § | |
| § | Case No. 1:17-cv-009 |
| v. § | (Criminal Case No. 1:15-cr-083-1) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioner Joni Ayala-Rodriguez's pro se "Memorandum in Support of Motion" (hereinafter, Ayala-Rodriguez's "§ 2255 Motion"), which the Clerk's Office construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. No. 1. For the reasons stated herein, it is recommended that Ayala-Rodriguez's § 2255 Motion be **DISMISSED**. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

I.   Background

On January 15, 2015, a federal grand jury indicted Ayala-Rodriguez, charging him as an alien unlawfully found in the United States after deportation, having previously been convicted of a felony. *United States of America v. Joni Ayala-Rodriguez*, No. 1:15-cr-083-1, CR Dkt. No. 6.[1] Ayala-Rodriguez subsequently pleaded guilty to the indictment on March 16, 2015. CR Dkt. No. 13. On January

---

[1] Hereinafter, Ayala-Rodriguez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

13, 2017, Ayala-Rodriguez filed a "Memorandum in Support of Motion," which the Clerk's Office construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. No. 1.[2] On January 26, 2017, the Court notified Ayala-Rodriguez of certain deficiencies in his § 2255 Motion, and ordered him to fill out a § 2255 motion form provided by the Clerk's Office. *See* Dkt. No. 4. Ayala-Rodriguez did not file the completed § 2255 motion form or otherwise respond to the Court's Order.

## II. Legal Standards

### A. Federal Rule of Civil Procedure 41

Under Federal Rule of Civil Procedure 41, dismissal is proper if a plaintiff fails to comply with a court order, and the dismissal acts as an adjudication on the merits. FED. R. CIV. P. 41(b). Despite Rule 41(b) contemplating dismissal upon the defendant's motion, a court also has the power to dismiss sua sponte. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *see also McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988) (providing that under Rule 41, a district court may decide whether dismissal is appropriate sua sponte). A court's sua sponte decision to dismiss under Rule 41(b) will be upheld absent an abuse of discretion. *Id.*

---

[2] In general, if a movant certifies that he placed his § 2255 motion in the prison mailing system on a particular date, his motion will be considered filed on that date. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system). Ayala-Rodriguez states that he placed his § 2255 Petition within the prison mailing system on January 13, 2017. Dkt. 1 at 10. Thus, the Court applies this date as the effective time of filing.

### B. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### C. Ineffective Assistance of Counsel

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only the trial, but also pretrial proceedings—including the plea-bargaining process. *Laffler v. Cooper*, 566 U.S. 156, 162 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 566 U.S. at 165.

In *Strickland v. Washington,* the Supreme Court announced that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. 668, 687 (1984). Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than apply the "distorting effects of hindsight." *Id.* at 689. Accordingly, counsel is strongly presumed to have performed adequately and made decisions using reasonable professional judgment. *Id.* at 690.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams v. Taylor,* 529 U.S. 362, 393 n. 17; *Strickland,* 466 U.S. at 692. Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary

to examine the other prong. *Id.* at 700. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987).

### III. Discussion

#### A. Ayala-Rodriguez's Failure to Abide by the Order

Ayala-Rodriguez filed his § 2255 Motion on January 13, 2017. Dkt. No. 1. The Court ordered that a § 2255 motion form be sent to Ayala-Rodriguez because necessary portions of a § 2255 motion were not present in Ayala-Rodriguez's filing. *See* Dkt. No. 4. For example, Ayala-Rodriguez's § 2255 Motion failed to include an averment that his allegations were made under the penalty of perjury. *See* Dkt. No. 1; Rules Governing Section 2255 Proceedings, Rule 2(b)(5). The Court ordered Ayala-Rodriguez to complete and submit the § 2255 motion form. Dkt. No. 4. Ayala-Rodriguez received the Court's Order and § 2255 motion form by January 31, 2017. Dkt. Nos. 5-7. However, as of September 5, 2017, Ayala-Rodriguez has not responded to the Court's Order. Federal Rule of Civil Procedure 41(b) provides that dismissal is appropriate upon a party's non-compliance with a court order, and the United States Supreme Court has stated that courts may make such a determination for dismissal sua sponte. *Chambers*, 501 U.S. at 49. Therefore, because Ayala-Rodriguez failed to respond to the Court's Order and his § 2255 Motion is missing the required averment, Ayala-Rodriguez's claims should be

dismissed pursuant to Rule 41(b).

## B. Merits of Ayala-Rodriguez's Claims

Notwithstanding the discussion above, Ayala-Rodriguez's claims should be dismissed because they lack merit. Ayala-Rodriguez's § 2255 Motion includes two claims. First, Ayala-Rodriguez appears to allege that he qualified for the "Fast-Track Program," and that the Court erred by failing to apply the program at sentencing. *See* Dkt. No. 1 at 3-9. While Ayala-Rodriguez presents ample argument as to the purpose and history of fast-track programs, he provides little support as to why the program applies in his case. *Id.* More importantly, for purposes of stating a claim, a federal prisoner may only obtain relief under § 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Therefore, Ayala-Rodriguez cannot challenge the technical application of the sentencing guidelines and its programs to

his sentence through a § 2255 motion, and his claim should be dismissed.

Second, Ayala-Rodriguez appears to allege that his attorney at sentencing was ineffective for failing to argue that he qualified for the fast-track program. Dkt. No. 1 at 3. This argument is similarly unavailing. Fast-track programs:

> are based on the premise that a defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.

*DOJ Memo to Prosecutors: Department Policy on Early Disposition or "Fast-Track" Programs*, 2012 WL 6620439, 25 FED. SENT. R. 53, 53 (2012). The choice to initiate the fast-track plea agreement process lies with the government, not the defendant. *See United States v. Gomez-Herrera*, 523 F.3d. 554, 561 (5th Cir. 2008) (citing *United States v. Zapata-Parra*, 2008 WL 193210, at *1 (10th Cir. Jan. 23, 2008) (unpublished)); *see also United States v. Martinez-Trujillo*, 468 F.3d. 1266, 1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney."); *United States v. Miranda-Garcia*, 2006 WL 1208013, at *1 (M.D. Fla. May 4, 2006) ("[O]nly the government can file a motion for downward departure pursuant to an early disposition program."). Therefore, "where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant." *Lona-Ramirez*, 2013 WL 2297260, at *5 (citing *Martinez–Valdez v. United States*, No. EP–11–CV–68–PRM, 2011 WL 3666606

(W.D. Tex. July 19, 2011)); *United States v. Lumbreras–Amaro*, 627 F. Supp. 2d 752, 761 (S.D. Tex. 2008) (citing *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006)). The conduct of Ayala-Rodriguez's attorney did not fall below an objective standard of reasonableness, particularly since Ayala-Rodriguez was not entitled to eligibility for a fast-track program due to his prior aggravated felony conviction. CR Dkt. No. 17 at 4 (noting Ayala-Rodriguez's prior conviction, which implicated a 16-level sentencing enhancement under the United States Sentencing Guidelines); *see DOJ Memo to Prosecutors: Department Policy on Early Disposition or "Fast-Track" Programs*, 2012 WL 6620439, 25 FED. SENT. R. 53, 53 (2012) (providing that a defendant's fast-track eligibility may be limited based on prior felony offenses). For these reasons, Ayala-Rodriguez has not shown that the alleged failure of his counsel to advocate for a fast-track program sentence reduction constituted ineffective assistance of counsel, and his claim should be dismissed.

## IV. Recommendation

It is recommended that Ayala-Rodriguez's § 2255 Motion be **DISMISSED** with prejudice.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Ayala-Rodriguez has not made a substantial showing of the denial of a constitutional right.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    Signed on this 5th day of September, 2017.

                                                                            **Ignacio Torteya, III**
                                                                            **United States Magistrate Judge**