UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JONI AYALA-RODRIGUEZ, § | | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-009 |
| | § | (Criminal Case No. 1:15-cr-083-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is a *pro se* memorandum by Joni Ayala-Rodriguez (hereafter, "Petitioner") entitled "Memorandum in Support of Motion" (Docket No. 1), which this Court construes as a motion under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence by a person in federal custody (hereafter, "Petitioner's Motion"). After a *do novo* review of the record, the "Magistrate Judge's Report and Recommendation" (Docket No. 8) (hereafter, the "R&R") is hereby **ADOPTED as follows** and Petitioner's "Memorandum in Support of Motion" (Docket No. 1) (hereafter, "Petitioner's Motion") is hereby **DISMISSED**.

## I. BACKGROUND

On January 15, 2015, a federal grand jury indicted Petitioner, charging him as an alien unlawfully found in the United States after deportation, having previously been convicted of a felony. *United States v. Rodriguez*, No. 1:15-cr-083-1, Criminal Docket No. 6 (hereafter, "CR Docket"). Petitioner subsequently pled guilty to the indictment on March 16, 2016. CR Docket No. 13. On January 13, 2017, Petitioner filed the instant ten (10) page motion which the clerk's office construed as a motion under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence by a person in Federal Custody.[1] Docket No. 1. On January 26, 2017, this Court notified Petitioner

---

[1] In general, if a movant certifies that he placed his § 2255 motion in the prison mailing system on a particular date, his motion will be considered filed on that date. See *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a *pro se* prisoner's application is filed on the day it is placed in the prison mailing system). Petitioner states that he placed his

1

that he failed to contain an averment indicating that Petitioner's claims in his motion were made under penalty of perjury. Docket No. 4. As a result, this Court ordered that Petitioner complete a blank, thirteen (13) page §2255 form that included said averment. *See id.* Petitioner never subsequently complied with said order.

## II. DISCUSSION

Although Petitioner never supplemented his §2255 motion in accordance with this Court's order so that his claims were supported by a penalty of perjury averment, this Court will overlook said technical deficiency and rule on Petitioner's Motion based solely on the merits. After a *de novo* review, this Court finds that Petitioner's claims lack merit and are therefore dismissed.

### A. Procedural Issues with Petitioner's Motion

Under Federal Rule of Civil Procedure 41, dismissal is proper if a plaintiff fails to comply with a court order, and the dismissal acts as an adjudication on the merits. FED. R. CIV. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (asserting that the court has the power to dismiss *sua sponte* under Rule 41(b)). This Court informed Petitioner of his motion's procedural defect, as he failed to include a penalty of perjury averment, and sent him a thirteen (13) page, blank §2255 form on which to rewrite his motion. Alternatively, however, Petitioner could have refiled his original motion including the one-sentence penalty of perjury averment as such language was expressly provided to him. As Petitioner's task may not have been clear to a *pro se* plaintiff, this Court declines to dismiss Petitioner's *pro se* motion on the basis of a technical defect and will proceed to the merits of Petitioner's Motion instead. *See Jackson v. City of Beaumont Police Dep't*, 30 F.3d 1490 (5th Cir. 1994) (asserting that the reason a "generous construction" is given to *pro se* pleadings is the "desire to decide a complaint on the merits rather than on the procedural deficiencies that might result from a *pro se* petitioner's legal

---

§2255 Petition within the prison mailing system on January 13, 2017. Docket No. 1 at 10. Thus, the Court applies this date as the effective time of filing.

2

ignorance); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

### B. Merits of Petitioner's Motion:

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a §2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

    *i.*    *Qualification for the Fast-Track Program*

First, Petitioner appears to allege that he qualified for the "Fast-Track Program", which would have reduced his sentence, and the Court erred by failing to reduce his sentence in accordance with the Sentencing Guidelines and the fast-track program. *See* Docket No. 1, at 3-10. For purposes of stating a claim under §2255, a prisoner may not attack a court's technical application of the sentencing guidelines in a §2255 motion because such a claim is not cognizable under the statute. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a §2255 motion.") (citations omitted).

Although Petitioner presents ample evidence of the purpose and history behind the fast-track program, he provides negligible support as to how the program applies in his case. *See* Docket No. 3-10. Moreover, Petitioner does not contend that the sentence imposed was "in excess of the maximum authorized by law". 28 U.S.C. § 2255(a). Therefore, Petitioner's challenge to the court's technical application of the guidelines and whether to *sua sponte* provide the benefits of the fast-track program at sentencing is without merit.

    *ii.*    *Ineffective Assistance of Counsel*

Second, Petitioner asserts that his attorney was ineffective at sentencing for failing to argue that he qualified, and should receive the benefits of, the fast-track program. *See* Docket No. 1, at 3. The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Critical stages include not only the trial, but also pretrial proceedings, including, but not limited to, the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Although sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Lafler*, 566 U.S. at 165.

The Supreme Court has directed that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under the first prong of *Strickland*, the defendant must show that counsel's errors were "so serious" such that representation fell below an objective standard of reasonableness under prevailing professional norms. *See id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than applying the "distorting effects of hindsight." *Id.* at 689 (explaining that counsel is presumed to have performed adequately and made decisions using reasonable professional judgment).

Under the second prong of *Strickland*, the defendant must show that these serious errors caused actual prejudice resulting in the proceeding being fundamentally unfair. *See id.* at 691-92. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams v. Taylor*, 529 U.S. 362, 392-93 n. 17 (2000). A convicted defendant must satisfy both prongs of

4

*Strickland* in order to establish an ineffective assistance of counsel claim under the Sixth Amendment. *See Strickland*, 466 U.S. at 700.

Here, Petitioner fails to satisfy either prong of *Strickland*, and therefore his ineffective assistance claim does not succeed. A memorandum from Deputy Attorney General James M. Cole explains that fast-track programs are "based on the premise that a defendant who promptly agrees to participate in such a program saves the government significant scarce resources that can be used to prosecute other defendants." DOJ Memo to Prosecutors: Department Policy on Early Disposition or "Fast-Track" Programs, 2012 WL 6620439, 25 FED SENT. R. 53, 53 (2012), (hereafter, the "Cole Memorandum"). Moreover, the choice to initiate the fast-track plea agreement process lies with the government, not the defendant. *See United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008).

Petitioner fails to assert any facts that indicate that his guilty plea was induced by the possible benefit of receiving a downward departure from the Sentencing Guidelines through the fast-track program. The record contains no evidence that the government offered this option to Petitioner at the plea-bargaining phase, and for good reason. Petitioner's prior felony conviction of statutory burglary implicated a 16-level sentencing enhancement under the Sentencing Guidelines and was deemed a "crime of violence". *See* CR Docket No. 17, at 4. The Cole Memorandum explicitly states that "the United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program based on . . . [t]he defendant's prior violent felony convictions . . . ." 25 FED SENT. R. at 55. As such, it was in the complete discretion of the United States Attorney to refuse to offer Petitioner a sentencing reduction under the fast-track program, and due to Petitioner's prior violent felony conviction, the United States Attorney had a reasonable basis to deny participation in the fast-track program.

Therefore, any argument by Petitioner's counsel urging for the application of the fast-track program would have been futile, and such omission is far from an "error so serious" that his representation could be categorized, in any light, as deficient. This Court will follow its own precedent and similar cases in our Circuit by holding that "where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant." *Lona-Ramirez v. United States*, 2013 WL

5

2297260, at *5 (S.D. Tex. May 24, 2013); *see also Martinez-Valdez v. United States*, No. EP-11-CV-68-PRM, 2011 WL 3666606 (W.D. Tex. July 19, 2011); *United States v. Lumbreras-Amaro*, 627 F. Supp. 2d 752,761 (S.D. Tex. 2008); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006).

## ORDER

For the foregoing reasons, Petitioner's "Memorandum in Support of Motion" (Docket No. 1) is **DENIED** and the Magistrate's "R&R" (Docket No. 8) is **ADOPTED as described above**. Plaintiff's federal claims under 28 U.S.C. § 2255 are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 9th day of November, 2017.

Rolando Olvera
United States District Judge

6